IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        CR No. 16-4294 KG

DONAH E. DAVISON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Donah Davison, proceeding *pro se*, moved for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 (Motion). (Doc. 77). The United States informed the Court that, under the facts and circumstances of this case, it will waive the administrative exhaustion requirement and consents to granting the motion. For the reasons explained herein, the Court grants the Motion. Exercising its authority under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court will reduce Ms. Davison's term of imprisonment to time served. Ms. Davison's terms of supervised release will commence immediately. An amended judgment reflecting Ms. Davison's modified sentence will be forthcoming.

I.    *Background*

The Grand Jury indicted Ms. Davison on November 9, 2016, on 27 counts of theft of government property, in violation of 18 U.S.C. § 641, and 9 counts of forging endorsements on treasury checks of the United States, in violation of 18 U.S.C. § 510(a). (Doc. 3). Pursuant to a plea agreement, Ms. Davison pled guilty to all 36 counts on February 15, 2017. (Docs. 20, 21). The charges arose from Ms. Davison's theft of government property and forged endorsement of

U.S. treasury checks, by which she continued depositing her mother's surviving-spouse benefits checks from the United States Department of Veterans Affairs for many years after her mother's death. (Doc. 20) at ¶ 9.

On September 19, 2017, the Court sentenced Ms. Davison to a total term of imprisonment of four (4) months, followed by two (2) years of supervised release. (Doc. 29) (Amended Judgment). The Court set a self-surrender date of November 15, 2017. *See* (Doc. 30).

Between sentencing and the original self-surrender date, Ms. Davison was diagnosed with monoclonal gammopathy of renal significance (MGRS), a condition that impacts kidney function and leads to cancer. *Id.* The Court granted Ms. Davison an extension of her self-surrender date. (Doc. 31).

Ms. Davison commenced chemotherapy on January 15, 2018, and subsequently underwent five different types of chemotherapy over a three-year period. (Doc. 77). In November 2020, she started the process for a Stem Cell Transplant, which she received in December 2020. *Id.* In addition to MGRS, Ms. Davison suffers from late-stage chronic kidney disease, type 2 diabetes, chronic anemia, hypertension, major depressive disorder, sleep apnea, fibromyalgia, peripheral polyneuropathy, hypothyroidism, non-toxic multinodular goiters, and obesity. *Id.* In June 2022, she fractured her tibia. *Id.* She underwent surgery for the fractured tibia in July 2022. *Id.*

Given Ms. Davison's myriad and serious medical conditions, the Court extended her self-surrender date several times. Ms. Davison ultimately self-surrendered on August 22, 2022. (Doc. 76). She is incarcerated at the Dona Ana County Detention Center in Las Cruces, New Mexico, and is expected to be released sometime in December 2022. Due to the length of her

sentence, Ms. Davison will not be transferred to a Bureau of Prisons facility, though she is in the custody of the Bureau of Prisons.

Ms. Davison now moves the Court to reduce her term of imprisonment to time served under 18 U.S.C. § 3582(c)(1)(A)(i) due to her underlying health conditions. (Doc. 77).

II.   *Discussion*

Once a term of imprisonment has been imposed, courts are generally "forbidden" from modifying that term of imprisonment. *Freeman v. United States*, 564 U.S. 522, 526 (2011). This "rule of finality is subject to a few narrow exceptions[,]" *id.*, one of which "is contained in [18 U.S.C.] § 3582(c)(1)," sometimes called the "compassionate release" statute. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021).

A district court presented with a motion for compassionate release "may reduce the term of imprisonment ... after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *Maumau*, 993 F.3d at 831 (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the

3

Sentencing Commission"; and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831.[1]

The Court finds that extraordinary and compelling reasons warrant a reduction of Ms. Davison's sentence. While the presence of any given medical condition, or even a combination of medical conditions, does not necessarily rise to the level of an "extraordinary and compelling reason," the Court finds the nature and extent of Ms. Davison's medical conditions, including the need for regular, specialized care and treatment, constitutes such a reason. Ms. Davison regularly receives transfusions and has a port for this purpose. She remains under the care of an oncologist and a nephrologist. Ms. Davison's conditions constitute an extraordinary and compelling reason warranting a reduction of her sentence.

The parties did not identify, and the Court is not aware of, any on-point policy statements issued by the Sentencing Commission. This factor, therefore, is satisfied.

The Court has considered the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of Ms. Davison's offenses and her history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment, as well as protecting the public from further crimes of the defendant and to afford adequate deterrence to criminal conduct; the kinds of sentences available; the sentencing range; and the need to provide restitution. The Court also notes that the

---

[1] The Court acknowledges the threshold issue of whether Ms. Davison exhausted her administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights"). She has not. However, the United States agreed to waive the exhaustion requirement. Exhaustion is a mandatory claims-processing rule, rather than jurisdictional in nature, and may therefore be waived. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

United States does not oppose compassionate release under the unique circumstances of this case.

In light of all the circumstances, the Court determines that reducing Ms. Davison's term of imprisonment to time served, while maintaining the term of supervised release, the conditions of supervision, and the restitution order, constitutes a sentence that is sufficient, but not greater than necessary, to meet the sentencing goals.

Therefore, Ms. Davison's Motion is granted.

III.   *Conclusion*

For the reasons explained herein, the Court grants the Motion (Doc. 77). Exercising its authority under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court will reduce Ms. Davison's term of imprisonment to time served. Ms. Davison's terms of supervised release will commence immediately. An amended judgment reflecting Ms. Davison's modified sentence will be forthcoming.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE